## M. PRESSNER & CO. v. UNITED STATES (No. 4626) [1]

United States Court of Customs and Patent Appeals, April 3, 1950

*Siegel, Mandell & Davidson* (*Joshua M. Davidson* of counsel) for appellant.
*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh* and *Richard F. Weeks,* special attorneys, of counsel), for the United States.
*Barnes, Richardson & Colburn* (*Albert MacC. Barnes* and *Eugene F. Blauvelt* of counsel), *amicus curiae.*

[Oral argument December 7, 1949, by Mr. Davidson, Mr. Weeks, and Mr. Blauvelt]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges

GARRETT, Chief Judge, delivered the opinion of the court:

The merchandise, classification of which (with resulting duty assessment) is here involved, consists of articles invoiced as slide fasteners. The articles are commonly called "zippers" and are familiarly known by the public by that name.

The importation was from Japan. The entry was made at the New York, N. Y. port June 2, 1936. It was liquidated April 30, 1940.

It appears from the official papers that the collector classified the merchandise under the provision of paragaph 397 of the Tariff Act,

---

[1] C. A. D. 431.

of 1930 for articles and wares, not specially provided for, composed wholly or in chief value of copper, and, in conformity with such classification, assessed duty at the rate of 45 per centum ad valorem plus 3 cents per pound levied as "copper" tax in conformity with the requirement of section 3425 of Internal Revenue Code.

The protest of the importer does not bring in question the correctness of the duty rates assessed under the collector's classification. It challenges the classification. Importer insists, in effect, that a zipper should be classified as a machine and so fall for classification within that part of paragraph 372 of the Tariff Act of 1930 reading:

* * * all other machines * * * not specially provided for * * *.

If so classified, the rate of the duty would be 27½ per centum ad valorem.

The trial court overruled the protest of the importer and sustained the action of the collector.

Importer thereupon appealed to this court.

In the final analysis the question is whether a slide fastener—that is, a "zipper"—is a machine.

A stipulation of facts designated as Exhibit "A" was filed. From it we quote the following descriptive paragraphs:

2. That Exhibit 1 consists of two strips of cotton tape material, each approximately ½ inch wide, joined at one end by a small metal staple. There are attached to the inner edges of each strip and evenly spaced therein a series of identical metal teeth approximately ⅛ inch long and ⅟₁₆ inch wide, with a projection on one side and a recess on the other side of each tooth, set into a metal sliding member or slider for engaging and disengaging the metal teeth.

3. The metal slider is approximately ½ inch wide at the top portion and ¼ inch wide at the bottom portion, with two channels, one on each side converging at the narrow end, so that the slider may move longitudinally in either direction along the two rows of teeth.

To this slider is attached a small metal tab called a "pull tab."

The operation of the zipper by pulling the tab with the fingers—that is, by "hand power"—is described, and exhibits illustrative of the merchandise are referred to and explained.

Paragraphs 5 and 6 of the stipulation read:

5. Exhibit 1 is illustrative of the operation of the principle of all slide fasteners or zippers, although the shape of the metal parts and the size and length of individual units may vary.

6. Exhibit 1 and slide fasteners generally have no use as separate articles, but are used only when incorporated in other articles such as handbags or wearing apparel in place of buttons, hooks and eyes, snap fasteners, buckles, straps, laces and other fastening objects.

In addition to the stipulation and the physical exhibits introduced in evidence, appellant introduced the deposition of a witness whose testimony is summarized in the decision of the trial court as follows:

* * * Edwin Fayette Church, called on behalf of the plaintiff, testified that he is professor of mechanical engineering at the Polytechnic Institute of Brook-

lyn, New York, where he has been for the past 26 years, and that he has engaged in engineering work for 43 years. He stated that he is familiar with zippers similar to exhibit 1 and with the fundamental types or elements of machines. In his opinion, the fundamental type of machine operation involved in exhibit 1 is the wedge or inclined plane; that exhibit 1 is a mechanical contrivance, and that the hand power applied by pulling the zipper tab in a longitudinal direction which causes a transverse force to be exerted on the slider which brings together the two opposing rows of teeth is an application or modification of force or energy. The witness expressed himself further as being of the opinion that a child's tricycle is a machine, as are a lever which turns on and off a lamp, a mechanical pencil, a barber's chair, an invalid's chair propelled by hand, and a hand-operated carpenter's brace and bit.

Numerous decisions of the Customs Court and several by this court are cited in the briefs of the respective parties and in that of *amicus curiae* who supports the position of the Government.

The primary decision so cited is that of this court in the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, which arose under the 1913 tariff act and involved broadly the question whether parts which were fashioned to form a brewery mash filter should be classified as parts of a machine. The phraseology of the paragraphs there involved differed from that of those here involved, but it is not essential here to discuss the differences. The question of interest here was as there stated, and in the course of our decision we said:

The filter which is to be made in part of the castings now under consideration can not be regarded as a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion, and therefore in no sense can it be properly called a machine. (See "machine," "mechanical," "mechanism," Standard Dictionary, Webster's New International Dictionary, and Lockwood's Dictionary of Mechanical Engineering Terms.) In fact, a filter for straining the malt from the malt liquor of the brewer's mash is no more a machine than is the kitchen colander or a box of sand for clearing muddy water.

In a headnote of the decision the reporter stated, "A machine is a mechanical contrivance for utilizing, applying, or modifying energy or force, or for the transmission of motion" and this seems repeatedly to have been regarded by importers of various kinds of articles as a definition of such machines as are contemplated by the phraseology used in paragraph 372, *supra*, notwithstanding the fact that the courts again and again have held otherwise.

For example, in the case of *United States* v. *Wm. Goldenblum & Co.*, 18 C. C. P. A. (Customs) 367, 370, T. D. 44616, involving merchandise consisting of carpenters' braces "some with, and some without, ratchet attachments," this court, speaking through the late Judge Hatfield, said *inter alia*:

* * * If it is proper to hold that the imported articles utilize, apply, or modify energy or force, or that they are mechanical contrivances for the transmission of motion, within the meaning of the definition announced by this court in the *Simon, Buhler & Baumann* case, then every tool, no matter how simple, is a

machine within that definition. In the same sense, although possibly to a different degree, lead pencils, penholders, knives, forks, spoons, golf clubs, tennis rackets, baseball bats, screw drivers, hammers, chisels, and a multitude of other articles utilize, apply, or modify energy or force, or transmit motion and, accordingly, if the involved articles are machines in a tariff sense, would be included within the provision for machines and, unless more specifically provided for elsewhere, would be dutiable thereunder. Obviously, a holding that the involved articles are machines for tariff purposes would result in reducing the definition of machines to an absurdity. It is true that, by virtue of the leverage obtained, the operator of one of the involved tools is able to apply more power or force to the bits or drills. It is likewise true that, by increasing or decreasing the length of the crank-formed shaft—"sweep"—of the tool, the leverage would be increased or decreased, and correspondingly greater or less power could be applied to the bits and drills.

The mere fact that these tools, solely by virtue of leverage, furnish a mechanical advantage—increased power—is not sufficient to bring them within the provision for all other machines, finished or unfinished, not specially provided for, contained in paragraph 372. We are of opinion that the involved articles do not utilize, apply, or modify energy or force, or transmit motion, within the meaning of the definition of machines announced by this court in the *Simon, Buhler & Baumann* case, *supra*, and we so hold.

In the case of *United States* v. *Guth Stern & Co., Inc.*, 21 C. C. P. A. (Customs) 246, T. D. 46777, the merchandise consisting of devices for sharpening razor blades was held to be classifiable under paragraph 372, *supra*, but we felt constrained to so hold because of what we conceived to be legislative ratification of a judicial decision to which the attention of Congress had been expressly directed while the bills, which became the Tariff Act of 1930, was under consideration. It will be noted that we there said:

We deem it not improper to state that, as a matter of first impression, this court finds itself not unsympathetic with the contention made by the Government to the effect that the relatively simple, finger-operated devices here at issue do not "rise to the dignity of machines."

We also said there:

* * * it has never been the purpose of this court to hold arbitrarily that the definition is so rigid and exact in its terms as to include any and all devices and mechanisms that may happen to be literally embraced within it. An examination of numerous definitions given in the very authorities cited in the *Simon, Buhler & Baumann* case, *supra*, discloses distinctions which should be taken as matters of common knowledge. For example, in Webster's New International Dictionary, it is said:

* * * According to the strict definition, a crowbar abutting against a fulcrum, a pair of pliers in use, or a simple pulley block with its fall, would be a machine, but ordinary usage would hardly include such as these; while an implement or tool whose parts have no relative movement, as a hammer, saw, chisel, plane, or the like, would not, of itself, in any case be a machine. Popularly and in the wider mechanical sense, a machine is a more or less complex combination of mechanical parts, as levers, cog and sprocket wheels, pulleys, shafts, and spindles, ropes, chains, and bands, cams and other turning and sliding pieces, springs, confined fluids, etc., together with the framework and fastenings supporting and connecting them, as when it is designed to operate upon material to change it in some preconceived and definite manner, to lift or transport loads, etc.

In a later decision involving children's tricycles, *United States* v. *Associated Mfg. Co.*, 30 C. C. P. A. (Customs) 236, 239, C. A. D. 238, we said:

It has been held many times by this court that that definition [a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion] while correctly defining the term "machine," is a very broad one and it never was intended to mean that every mechanical contrivance which utilizes or applies or modifies energy or force or for the transmission of motion must be considered in a tariff sense a machine. *United States* v. *Wm. Goldenblum & Co.*, 18 C. C. P. A. (Customs) 367, T. D. 44616; *United States* v. *Guth Stern & Co., Inc.*, 21 C. C. P. A. (Customs) 246, T. D. 46777; *United States* v. *The Cottage Creamery Co.*, 22 C. C. P. A. (Customs) 290, T. D. 47346; *United States* v. *Race Co.*, 22 C. C. P. A. (Customs) 327, T. D. 47362; *United States* v. *Dyson Shipping Co., Inc., et al.*, 29 C. C. P. A. (Customs) 148, C. A. D. 184.

\* \* \* \* \* \* \*

If the involved tricycles are to be considered in a tariff sense as machines, so is a slingshot, or a peashooter, or an apple on a casting stick, or a bow and arrow, or roller skates, or a pogo stick, or a wheelbarrow. These are all mechanical contrivances for the transmission of force into motion, yet it would be absurd to conclude that simply because they do transmit force into motion they are to be considered as intended by Congress to come within the catch-all portion of the machine paragraph if they were not otherwise specially provided for.

It will be observed from what we have quoted from the decisions that we have not agreed with the view of appellant's witness as to the classification of a number of the articles which he regarded as being machines under the phraseology of the *Simon, Buhler & Baumann (Inc.)* case, *supra*.

Appellant has relied strongly upon the testimony, quoting from it at some length. It is argued that the decision of the trial court is contrary to the evidence. That the courts are not bound by opinion testimony as to the common meaning of statutory terms is a principle so well settled that no citation of authority need be cited to support it.

In the decisions cited in the brief for appellant we do not find any which departs from the principle stated in those from which we have quoted, *supra*. In the case of *United States* v. *J. E. Bernard & Co., Inc.*, 30 C. C. P. A. (Customs) 213, C. A. D. 235, involving certain field balances, we said that "Since the decision in the *Simon, Buhler* case, this court has frequently been confronted with very close questions relating to the determination of what constitutes a machine \* \* \*." That was true, of course, but, although we there affirmed the trial court's holding that the merchandise was a machine, there was no suggestion that any of our decisions, several of which were there reviewed, should be modified in principle.

The trial court aptly said of the slide fasteners, or "zippers," here in controversy:

\* \* \* they are merely moved up or down to the extent that hand power is applied. Energy or force is not applied by the zipper but rather energy or force is applied to it by the hand power. Neither is it true that energy or force is

modified or utilized by the zipper. The testimony of plaintiff's witness that pulling the zipper tab in a longitudinal direction causes a transverse force to be exercised on the slider is not such modification or utilization of energy or force as is contemplated by the provision for "all other machines" in said paragraph 372 as construed in the *Simon, Buhler & Baumann* case, *supra*, and as defined and delimited in the long line of decisions which followed it. It is also clear from the evidence before us that in the functioning of the zippers there is no transmission of motion.

To adopt or apply the scientific principles so ably illustrated by plaintiff's witness Church would lead us far afield and result, in substance, in regarding such things as crowbars and wedges as being within the tariff classification of machines.

The assignments of error on behalf of appellant are not found to have merit, and the judgment appealed from is *affirmed*.